IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 98 JUL -8 AM 9:19 |
| Plaintiff, ) | |
| vs. ) | CRIMINAL NO. 98-184 MV |
| EDUARDO BERNAL, ) RICARDO MENDEZ, and ) CAROLINA AYALA-DOMINGUEZ, ) | |
| Defendants. | |

### UNOPPOSED MOTION TO CONTINUE TRIAL SETTING

The United States respectfully requests the Court to continue the trial setting and in support thereof states as follows:

1. This matter is currently scheduled for trial on July 13, 1998. On July 1, 1998 the Tenth Circuit Court of Appeals filed a decision in United States v. Singleton, (10th Cir. 1998 WL 350507 July 1, 1998). The Singleton decision has a direct impact on the immediate case. This impact arises from the fact that defendant Carolina Dominguez is expected to testify against her codefendants Eduardo Bernal and Ricardo Mendez. Based on the Singleton decision Dominguez's contemplated testimony could be construed as violative of 18 U.S.C § 201. Further, complicating this issue is the fact that other individuals may be contemplating cooperating with the United States. However, neither the United States nor these other parties have had an opportunity to contemplate how the Singleton decision effects any such agreements.

2. Although the Speedy Trial Act, 18 U.S.C § 3161, would dictate that the trial proceed as scheduled there is a fitting exception. 18 U.S.C § 3161(h)(8)(B)(ii)



provides for a continuance when a "novel question of fact or law" makes it "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." Furthermore, 18 U.S.C § 3161(h)(8)(B)(I) also supports a continuance to avoid a "miscarriage of justice" which would arise if this matter proceeds to trial without adequate preparation. Finally, 18 U.S.C § 3161(h)(8)(B)(iv) allows the trial court to consider, in deciding whether to grant a speedy trial waiver, the need for "effective preparation" even if the need for the continuance does not fall into the category of a "novel question of fact or law." It is in the best interest of the public, the Court and the parties that everyone involved has adequate time to prepare for trial in light of the Singleton decision.

      3. It is requested that the current trial setting be vacated. It is further requested that the Court enter the following findings: that the period of delay be excluded in computing the time within which the trial of this matter be commenced; and the reason for finding that the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial is that all parties need adequate time to assess the impact of the Singleton decision and to prepare for trial. Furthermore, defense counsel, who do not represent cooperating witnesses, may be contemplating filing motions to suppress, based on Singleton.

      4. Counsel for Carolina Dominguez, Eduardo Bernal and Ricardo Mendez have been contacted and have no objection.

Respectfully submitted,

JOHN J. KELLY
United States Attorney

*/s/ Thomas L. English*

THOMAS L. ENGLISH
Assistant United States Attorney
United States Attorney
Post Office Box 607
Albuquerque, NM 87103
(505) 766-3341

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing pleading was mailed to opposing counsel this 7ᵗʰ day of July, 1998.

*/s/ Thomas L. English*

THOMAS L. ENGLISH

N:\UDD\RGARCIA\TOM\BERNAL\CONTINUE.MOT